Carr, J.
The question is, whether the instruction given by the circuit court to the jury, upon the trial, was correct? It is laid down, that covenants are to be considered dependent or independent, according to the intention of the parties, and the good sense of the case, and technical words should give way to such intention. The authorities on this subject are collected, and the principles deducible from them clearly stated, by sergeant Williams, 1 Saund. 320. note 4. Looking to the good sense of the case, and the meaning of the parties, what feature is there in the contract that would lead to the conclusion, that the plaintiff should receive nothing for his labour and expense, unless he made the whole 14.000 bushels, or shewed a failure of the water, and a failure of the defendant to bore deeper? Justice and good sense would seem to require, that the redress given for a breach of the covenant, should be measured by the injury resulting from that breach : but if these were held dependent covenants, this principle would be reversed; and the nearer the plaintiff had approached to a full performance, *26 the smaller the injury he committed, the greater would be the redress to the defendant. Thus; if the plaintiff had made 13,000 bushels, the loss resulting to the defendant by the plaintiff’s breach would have been trifling, and the defendant would gain the whole quantity made, without paying a cent. To be sure, if parties make such contracts, they must abide by them; but this on the ground of positive contract, not of justice. But here, there is nothing in the covenant (testing it by the rules deduced from the cases) that would, either upon the ground of the intention of the parties, or the good sense of the case, make these dependent covenants. The plaintiff was to have “ after the rate of ten cents per bushel, for the whole quantity manufactured surely, this does not mean that unless he manufactures 14,000 bushels, he shall have nothing; that would not be after the rate of ten cents per bushel, for the quantity made. He made 7697 bushels; give him his ten cents upon that; and if he has broken his covenant in not making 14,000 bushels, let the defendant sue him, and recover the exact damage he has sustained by the breach. This seems to me the good sense of the case, and the meaning of the parties. I think the judgement should be affirmed.
Brooke, J. concurred.
Tucker, P. This case turns upon the question, whether the covenants of the parties respectively, in the deed declared on, are independent or dependent covenants ? The circuit court was of opinion, upon the trial, that they were of the former character.
It was justly said at the bar, in the language of the books, that covenants are construed to be dependent or independent, according to the intention of the parties and the good sense of the case; and technical words should give way to such intention. If the justice of the case requires it, though the words of a covenant are dependent in form, it shall yet be construed to be independent. This was the precise case *27 of Boone v. Eyre. There A. sold a tract of land and a number of negroes to B. and covenanted that he had good title and was possessed of the negroes. B. covenanted, that, A. well and truly performing all things on his part, he, B., would pay a certain annuity. In an action for the annuity, B. pleaded that A. was not legally possessed of the negroes. But though no language could be stronger for the creation of a dependent covenant, yet the plea was held ill; “ for, if such plea were allowed, the fact that any one negro was not the property of A. would, on the same principle, bar the action for the price of the land, or the rest of the slaves, though B. was enjoying the profit of all but one.” To avoid this gross injustice, the covenant was construed to be independent, against the express form of the words. Hence, in these cases, the first and most appropriate inquiry seems to be, what does the justice of the case require between the parties?
In the case before us, Bream was the proprietor of certain salt works; Marsh was a manufacturer of salt. Bream let his works to Marsh, put him in possession of them, and bound himself, if the water failed, to bore deeper for more. Marsh agreed to go on to manufacture 14,000 bushels of salt; to pay all expenses and furnish all the fuel; and to return the salt works as soon as the salt was manufactured, but at all events by the succeeding new year’s day. And Bream agreed to pay Marsh ten cents per bushel, for the whole quantity manufactured, and to let him have one half of all the salt manufactured, besides. These were the simple terms of this agreement. Suppose it had been fully complied with, and the 14,000 bushels of salt made. What would Marsh the manufacturer have got? 7000 bushels of salt, and ten cents on each bushel manufactured besides, equal to 1400 dollars. What would Bream, the proprietor, have been entitled to ? To 7000 bushels of salt, minus ten cents per bushel on the whole quantity manufactured, that is 1400 dollars. And what has he got, as appears by this record, under the course of proceeding of which he com *28 plains ? He has got 7697 bushels of salt, minus 587 dollars 44 cents> the amount of the judgement of the court. I am hard of belief, that there can be any error to his prejudice, in a case which has redounded so eminently to his advantage.
Let us next see what, in fairness, the parties ought respectively to have had under the real state of things. Only 7697 bushels of salt have been manufactured, and we are bound to take it upon this record, that the wells did not fail. Does it follow, because the manufacturer has not made the full amount of 14,000 bushels which he might have made, that he is to have nothing ? Is the contract so entire that it can admit of no apportionment, and that the plaintiff must prove he manufactured every bushel before he can shew himself entitled to recover even the ten cents per bushel which were allowed to cover expenses ? The affirmative is the answer given to these inquiries in the argument of the counsel for the appellant. If so, the consequence (as Mr. Johnson justly said) is inevitable, that if he had manufactured 13,999 bushels, he would nevertheless not have been entitled to one cent for the labours of a year, and the heavy expenses of such an establishment. Lord Mansfield did not think thus, when overruling the demurrer in Boone v. Byre; he said, “if this were allowed, any one negro not being the property of the plaintiff, would bar the action.” And so I say here, if this pretension be allowed, the failure by a single bushel of salt, would bar the plaintiff’s action for the whole compensation. This is not reason; neither is it law.
It is said by a learned author, that the spirit of the common law is opposed to apportionment of contracts. See 2 Evans’s Pothier, 40. This certainly was anciently Strictly true; and it is still true, I imagine, as to all entire contracts, which do not admit of apportionment, and indeed as to many others. In contracts for service between master and servant, the principle seems often very rigorously to prevail; as in the case of a clerk who quitted his employer within *29 the year for which he engaged to serve—he was held entitied to nothing. Pagani v. Gandolfi, and Huttman v. Bulnois, 2 Carr. & Payne, 370. 510. 12 Com. Law Rep. 177. 239. So too, as to ordinary servants; Spain v. Arnott, 2 Stark. Rep. 256. 3 Com. Law Rep. 339. See also Cutter v. Powell, 6 T. R. 320. though that case can only be sustained, I think, on the ground, principally relied on, of extra wages. But, notwithstanding these and other cases, which rigorously deny compensation unless there is entire performance, there can be no doubt, that where the subject is divisible, where the failure as to part can be fairly and accurately compensated by an apportionment of the consideration, the law permits, as justice certainly requires, that it should be done. In such cases the parties have their cross actions; as here,—if Bream, had not really received full as much as under any circumstances he would have been entitled to, he might have his action against Marsh for the damages. With these views of the case, I do not think it necessary to go into a comparison of it with the strongly analogous case of Lewis v. Weldon. It is proper, however, to remark, that the circuit court was not only right in instructing the jury, that these covenants were to be considered independent, but it was extremely guarded in saying, that the plaintiff was not bound to prove the making of 14,000 bushels of salt, in order to entitle him to recover the ten cents per bushel. There is no intimation, that he was entitled to recover any part of the salt itself; and accordingly he seems to have been allowed none. I certainly think he was entitled to all above 7000 bushels. Nor do I see why the verdict, which I presume was for the 10 cents per bushel, was reduced. Some reason appeared, I suppose, on the trial. Be this as it may, these things were in favor of the appellant, and he cannot complain of them.
Judgement affirmed.